<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ABDEL-KAREEM KAWAS,                 :
                                            Civil Action No. 08-1765 (PGS)
        Petitioner,      :

        v.                :      O P I N I O N

MICHAEL MUKASEY, et al.,            :

        Respondents.     :

---

**APPEARANCES:**

Abdel-Kareem Kawas, <u>Pro Se</u>
#94474
Middlesex County Adult Correctional Center
P.O. Box 266
New Brunswick, NJ 08903

Neil Rodgers Gallagher, Esq.
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
Attorney for Respondents

**SHERIDAN**, District Judge

    Petitioner Abdel-Kareem Kawas, an alien confined at Middlesex County Adult Correctional Center while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner also submitted an

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

application to proceed in forma pauperis. The respondents are Michael Mukasey, the Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; and the District Director.

Respondents entered an appearance and submitted a letter in response to the Petition.

## BACKGROUND

The following facts are taken from Petitioner's Petition, as well as the Exhibits attached thereto.

Petitioner is a citizen and native of Jordan. He was lawfully admitted to the United States in 1989 as a non-immigrant visitor, with permission to stay for a period not to exceed six months. On April 28, 2003, the Immigration and Naturalization Service, now the Department of Homeland Security ("DHS"), served Petitioner with a notice to appear, claiming that he was deportable, and charging him with remaining longer than permitted without authorization.

After a long history of immigration proceedings, Petitioner states that on October 12, 2007, an Immigration Judge ("IJ") ordered his removal, in absentia. Petitioner was in the custody of the New Jersey Department of Corrections, serving a criminal

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

sentence for theft convictions, at the time. On November 19, 2007, Petitioner was paroled from his New Jersey state sentence and taken into DHS custody. Petitioner's appeal of his final removal order to the Board of Immigration Appeals ("BIA") was dismissed on February 20, 2008. The instant Petition was filed on April 9, 2008.

## DISCUSSION

### A.  Standard of Review

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 of the United States Code, section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   **The Petition Will Be Denied, Without Prejudice**

Petitioner argues that his continued detention is unlawful.[2] He claims that he has been in DHS custody for almost 38 months. However, Petitioner calculates the time he spent in state custody and in pre-removal order detention into that equation. Petitioner's final order of removal was not issued until February 20, 2008, when the BIA dismissed his appeal.

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:

---

[2] To the extent Petitioner seeks to challenge his underlying order of removal, this Court lacks jurisdiction to review his claims. See 8 U.S.C. § 1252(a)(5)("Notwithstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except [order under section 1225(b)(1)].") Petitioner's previously filed habeas petition, docketed as Kawas v. Mukasey, 08-1458 (WJM), was recently transferred to the Court of Appeals for the Third Circuit (see docket entry 6 in that case). Petitioner may raise any claims challenging his order of removal to the Court of Appeals for the Third Circuit in that case.

4

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. See, e.g., Xi v. U.S. I.N.S., 298 F.3d 832, 839-40 (9th Cir. 2002); Barenboy v. United States, 160 Fed. Appx. 258, 261 (3d Cir. 2005)(unpubl.)(passage of six-month presumptively reasonable period of detention does not entitle Petitioner to automatic release; alien may be held until it is determined that there is no significant likelihood of

removal in the reasonably foreseeable future); Joseph v. United States, 127 Fed. Appx. 79, 81 (3d Cir. 2005)(unpubl.)(alien failed to demonstrate that removal was unlikely in reasonably foreseeable future as travel documents were requested, and native country had provided travel documents in the past and had expressed a willingness to issue travel documents in Petitioner's case).

In this case, the record before the Court demonstrates that Petitioner's order of removal became final in February of 2008. Thus, at the time he filed this Petition, he had not been detained under that order of removal more than the 90-day removal period; he had certainly not been detained longer than the six month presumptively-reasonable period. While Petitioner may have been detained by the New Jersey Department of Corrections for various criminal convictions, he was not detained pursuant to the order of removal. Therefore, Petitioner's claim challenging his detention will be denied as premature. The Court also notes that Petitioner provides no argument that his removal is not reasonably foreseeable.

## CONCLUSION

For the reasons set forth above, the Petition will be denied, without prejudice.  An appropriate order follows.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 6-2-08